HENRY S. WIMBERLY, plaintiff in error, vs. NEEDHAM W. COL-
LIER, defendant in error.

Writs of error founded on a judgment *granting* a continuance, will, in future, be dismissed; as, in such cases, any judgment of reversal must, of necessity, be futile.

Covenant, from Dougherty Superior Court. Decision, on motion to continue, by Judge ALLEN, at December Term, 1857.

This case having been called for trial, plaintiff announced ready. Whereupon, defendant moved for a continuance on the following grounds, to-wit:

That he had been unable, until within some four or five months, to learn the given name of Nathan Johnston, and his place of residence; that Johnston was the lessor of the lot of land which defendant had sold, and concerning which this suit was brought; that he wanted to know whether said Johnston had married Mrs. Eliza McKay, the drawer of said lot; that his family and himself had been sick, and he had been unable to go and get the testimony of the witness; that he expected to show by Johnston, that he married the drawer of said lot of land; that he had sent no one to Carolina, where Johnston lived, to procure the desired information; that he had learned from one Capt. Roberts, that there were

two Nathan Johnstons living in Beaufort district, South Carolina, and both were highly respectable men.

Upon this showing, the Court granted the motion for continuance, and plaintiff excepted.

H. MORGAN, for plaintiff in error.

WARREN & WARREN, for defendants in error.

*By the Court.*—BENNING, J. delivering the opinion.

The objection made to the showing for a continuance, is, that it exhibits a want of diligence in the applicant for the continuance.

Showings for continuances are matters within the discretion of the Court. Perhaps, in this case, this Court if it had sat in the place of the Court below, would not have granted the continuance; and still it might not be prepared to say, that the Court below abused its discretion.

But to what end was this writ of error brought? Not to correct the error, if any, of the Court below. That is past correction. The continuance was *granted*, and the judgment granting it must execute itself, in spite of any thing that this Court can do.

The question arises, then, is a case of this sort, a case for this Court at all. We think not. The Constitution says, that this Court "shall be a Court alone for the trial and correction of errors." The Act organizing the Court, says of it: "there shall be, and it is hereby established, a Court for the correction of errors." 1 *Kelly*, V.

Now, what are cases appropriate to a Court for the correction of errors? Cases, the errors in which, the Court can correct; not cases, the errors in which, the Court cannot correct—not cases, in which, the Court's judgment must be merely futile.

We think, then, this, not a case for this Court. And, in future, such cases will be dismissed.

Cases in which, the continuance has been *refused*, stand upon a different footing.

Case dismissed.